UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEROME JULIUS BROWN, SR., | |
| Plaintiff, | CASE NO. 2:19-cv-01755-JCC |
| v. | **REPORT AND RECOMMENDATION** |
| BARBARA H. MEIKLEJOHN, *et al.*, | |
| Defendants. | |

Plaintiff Jerome Brown, Sr., appearing *pro se*, filed an application to proceed *in forma pauperis* ("IFP") in the above-entitled action. Dkt. 1. The IFP application is deficient for several reasons. Plaintiff identifies himself as "Jerome Julius Brown #1014 United States Marshal Council." Plaintiff indicates that he is presently employed at "US Pack Elridge MD Latoy 703" but receives $0 net monthly salary. Plaintiff also states that he was last employed on November 18, 2017, with a net monthly salary of $2,500.00. *Id.* at 1. Although Plaintiff indicates he is not presently employed, Plaintiff represented on an IFP application signed September 18, 2019 that he receives $1,000.00 in net monthly salary without disclosing the source of income. *See Brown v. Frosh, et al.*, 19-1503-RSM (Dkt. 1). Plaintiff names Lorraine Brown as his spouse but indicates that she is a widow who is employed at "GW Hospital Security Officer Patricia Brown." Plaintiff also claims to have received Social Security benefits of $1,000 and $500.00 (from Brennan Title Comp.) within the past twelve months. *Id.* Finally, Plaintiff claims that he

REPORT AND RECOMMENDATION - 1

owns a home worth $55,000.00; that he owes $5,100.00 in child support ("since 1983 unpaid"), has monthly expenses of $5,100.00, and lists federal tax liens in the amount of $320,000.00 (although it is not clear how these are related to Plaintiff). *Id.* at 2.

Attached to Plaintiff's IFP application are civil dockets from 9 closed cases filed in the U.S. District Court, Eastern District of Virginia in 2010 and 2012 (Dkt. 1-1, at 8-24); information regarding Marriott Customer Care in Omaha, Nebraska; various documents related to property in the State of Maryland, unpaid parking ticket collection notice from the City of Alexandria; and portions of dockets and filings in cases Plaintiff has filed in this District.

Plaintiff's proposed complaint is also largely incomprehensible and does not appear to allege a viable claim. The complaint purports to sue for negligence, the Clerk of the Circuit Court of Montgomery County, Maryland and a CEO and a Senior Vice President of an unnamed entity in Bethesda, Maryland. When asked to provide a statement of his claim, Plaintiff states only: "On October 18-19, 2019, at the Resident Inn Marriott Alexandria 2345 Mill Rd Alexandria, the defendant (s): (10 performed acts that a person of ordi…." The remainder of this sentence is covered by the purported signature of a John T. Farnum (Fed.Bar No. 13906) in Bethesda, Maryland. Dkt. 2 at 8-9. Plaintiff claims that he was injured by "written statement of unauthorized debit of $171.86 bogus United Bank Fraudulent dispute transactions tran date 10-21-2019 Amount $171.86 merchant Resident Inn Alexandria." *Id.* at 9.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court may deny an application to proceed IFP and should dismiss a complaint if it is frivolous or fails to state a claim upon which relief may be granted. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Even construing all allegations in the light most favorable to the Plaintiff, and giving due deference to Plaintiff's *pro se* status, his complaint fails to state a

REPORT AND RECOMMENDATION - 2

claim showing he is entitled to relief.

The Court also notes that Plaintiff has a history of filing repetitive and frivolous lawsuits. Several cases filed in this Court since February 2019 have been dismissed as frivolous. *See Brown v. USPS PMG*, C19-0295-RSM (Dkt. 9); *Brown v. United States Marshall Service, et al.*, C19-1246-RAJ (Dkt. 11); *Brown v. Brennan, et al.*, C19-1331-JLR (Dkt. 10); *Brown v. Robinson, et al.*, C19-1330-JCC (Dkt. 9); *Brown v. Smith, et al.*, 19-1416-RSM (Dkt. 8); *Brown v. Frosh*, C19-1503-RSM (Dkt. 4), and there is a pending Report and Recommendation recommending dismissal in *Brown v. Auerbach, et al.*, C19-1311-RSL (Dkt. 4). At least three other district courts have limited Plaintiff's ability to file new cases. *See Brown v. Walter, et al.*, C18-0320-RMP (E.D. Wash.) (Dkt. 2) (dismissing action filed without a filing fee or IFP application in light of litigious history; citing *Brown v. Lyons Mane Partnership*, No. 10-mc-7 (D. D.C. Mar. 1, 2010) (enjoining Plaintiff from proceeding IFP), *aff'd* No. 10-7027 (D.C. Cir. June 7, 2010); *In re: Jerome J. Brown*, Misc. No. 04-465 (D. Md. Dec. 7, 2004) (deeming Plaintiff a frequent litigator and imposing pre-filing restrictions); and *In re Brown*, No. 3:10-cv-00010 (E.D. Va. July 28, 2010) (limiting Plaintiff to one lawsuit at a time pending in that district)).

Plaintiff's proposed complaint also appears to lack a basis for venue in this Court as Plaintiff names defendants located in Maryland and appears to be suing (although this is difficult to discern) for an overcharge that occurred at a Marriott Inn located in Alexandria, Virginia. The Court also notes that Plaintiff lists 8027 40th Avenue NE in Seattle as his residence, an address he has used on several occasions, but this address is described on Zillow.com as a single family home currently listed for sale at $765,000.00. This property is not included in Plaintiff's IFP application. Rather, he claims he owns a 1974 rambler worth $55,000.00. Dkt. 1 at 2. Thus, it is

not at all clear from Plaintiff's filings where he resides. In the many other cases Plaintiff has filed in this District in the last seven months, he lists his residence as Merrifield, Virginia; LaPlata, Maryland; and Lanham, Maryland (although he has purported to send mail to the District Court from "the United States Marshal Council in Seattle, Washington" at 8027 40th Avenue N.E., in Seattle, Washington) *See* Case Nos. C19-295-RSM; C19-1246-RAJ; C19-1311-RSL; C19-1330-JCC; C19-1331-RSL; C19-1416-RSM; C19-1484-JCC; and C19-1503-RSM.

When an action is filed in the wrong venue, a court must either dismiss the action or, when justice so requires, transfer the action to a different venue. 28 U.S.C. § 1406(a). As it is not clear where Plaintiff is currently residing and because he has failed to plead sufficient allegations to show a proper basis for a federal court to assert subject matter jurisdiction over this action (*see McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)), the interests of justice do not mandate transfer of this case.

Considering Plaintiff's submissions in the current case and his litigation history, there is no reasonable basis for concluding any jurisdictional deficiency could be cured by amendment. Further, given that this action appears frivolous and fails to state a claim upon which relief may be granted, it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B).

Because of the deficiencies in the IFP application and proposed complaint, the Court recommends that Plaintiff's request to proceed IFP be **DENIED** and this case **DISMISSED without prejudice**. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3). A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **November 15, 2019**. Objections, and any response, shall not exceed twelve pages. Failure to file objections within the specified time may

REPORT AND RECOMMENDATION - 4

affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar fourteen (14) days after they are served and filed. Responses to objections, if any, shall be filed no later than fourteen (14) days after service and filing of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on the day after the date objections were due.

The Clerk is directed to send copies of this Report and Recommendation to the parties and to the Honorable John C. Coughenour.

DATED this 31st day of October, 2019.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge